FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CESAR ACASIO FLORES-GARCIA,

    Defendant - Appellant.

No. 25-2029
(D.C. No. 2:24-CR-01853-RB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Cesar Acasio Flores-Garcia pleaded guilty to one count of reentry of a previously

removed alien. _See_ 8 U.S.C. § 1326(a). The district court sentenced him to 21 months'

confinement and recommended that Immigration and Customs Enforcement initiate

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal proceedings against him. Following that judgment, Flores-Garcia filed a notice of appeal that raises one ground for appeal: ineffective assistance of counsel.

Counsel has now moved to withdraw and has filed an *Anders* brief stating that she can identify no meritorious grounds for appeal in the record. Because we agree with counsel, we exercise our jurisdiction under 28 U.S.C. § 1291 and **GRANT** the motion to withdraw and **DISMISS** the appeal.

## I.    Background

The United States deported Flores-Garcia to Mexico in September 2021. And several years later, he reentered the United States via Dona Ana County, New Mexico. On the same day as his reentry, a United States Border Patrol agent stopped Flores-Garcia and questioned him about his citizenship. Flores-Garcia answered that he was a Mexican citizen and that he possessed no documents demonstrating his right to enter or remain in the United States. The agent arrested Flores-Garcia and later discovered Flores-Garcia's prior order of removal, which had issued following his conviction for an aggravated felony. The agent also learned that Flores-Garcia had not obtained the Attorney General's permission to reapply for admission. *See* 8 U.S.C. § 1326(a)(2). The Border Patrol agent filed a criminal complaint.

The government then filed an information alleging that Flores-Garcia had illegally reentered the United States after having been deported in violation of 8 U.S.C. § 1326(a). And the information further alleged that Flores-Garcia was subject to a stiffer penalty under § 1326(b)(2) because his previous removal was "subsequent to a conviction for commission of an aggravated felony." Flores-Garcia waived his right to an indictment

and preliminary hearing. He then pleaded guilty to the information without a plea agreement. The sentencing guidelines recommended confinement between 15 and 21 months, and the district court sentenced Flores-Garcia to 21 months' confinement, in part because of his several previous convictions for illegal reentry. The court also recommended that ICE initiate removal proceedings against Flores-Garcia. He did not object to this sentence, either on procedural or substantive grounds.

Flores-Garcia timely filed a notice of appeal and argued ineffective assistance of counsel. Flores-Garcia's counsel has now moved to withdraw as counsel and filed an *Anders* brief explaining that no meritorious grounds exist for this appeal.

## II.    Discussion

*Anders* entitles an appellant to two reviews of the record for a nonfrivolous ground for appeal—first by counsel, then by the court. Appointed counsel may ask to withdraw from representation if he or she "finds his case to be wholly frivolous, after a conscientious examination of it." *Anders v. California*, 386 U.S. 738, 744 (1967). But first, counsel must submit to the court "a brief referring to anything in the record that might arguably support the appeal." *Id.* And the represented party must be given a chance to respond to the brief. *Id.* After counsel has moved to withdraw and filed an *Anders* brief, the action shifts to the court. We must conduct a "full examination of all the proceedings" and decide whether the record reveals any meritorious ground for

appeal. And if only frivolous grounds exist, then we "may grant counsel's request to withdraw and dismiss the appeal." *Id.*

Counsel here has fulfilled her obligation under *Anders.* She has accompanied her motion to withdraw with a brief that identifies possible grounds for appeal—which nevertheless remain frivolous—and Flores-Garcia, though receiving notice of the brief, has failed to respond. The government has disavowed an intent to file a response.

Having conducted a full and careful examination of the record, we find no meritorious ground for appeal.

Flores-Garcia's first hurdle is that he did not preserve any issue below. He waived the indictment and preliminary hearing; he did not object to any ruling by the district court. Nor did he object to his sentence.

Thus, Flores-Garcia's appeal rests on one ground: ineffective assistance of counsel. Counsel explains that this ground is frivolous, and we agree. Flores-Garcia brings this challenge through a disfavored route: via direct review, not collateral review. *See United States v. Reed*, 39 F.4th 1285, 1292 (10th Cir. 2022) (citations omitted). Ineffective-assistance-of-counsel claims "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (citations omitted). So unless Flores-Garcia's claim falls within the rare exception for claims "fully developed in the record," it will be

dismissed. *United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) (quoting *Galloway*, 56 F.3d at 1242).

Flores-Garcia's claim does not fall within that exception. The record shows no development of his ineffectiveness claim. He never raised ineffective assistance before the district court, and the court never considered his claim. *See id.* (concluding that the record had not been fully developed because "[t]he district court never had an opportunity to consider those claims, much less develop a record on the issue"). No hearing addressed his counsel's adequacy, and no testimony explained what deficiencies (if any) rendered his counsel ineffective. The effectiveness of Flores-Garcia's counsel simply goes unmentioned in the record. And without even a mention of the challenge in the record—let alone a hearing or testimony—we are left with a record "incomplete" and "inadequate" for reviewing Flores-Garcia's ineffective-assistance claim. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

Flores-Garcia's ineffective-assistance claim is therefore not appropriate for direct review, and we find that it offers a frivolous ground for appeal.

## III.   Conclusion

We have examined the proceedings below and conclude that no nonfrivolous ground exists that would support Flores-Garcia's appeal. We therefore grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge